IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD MARKS,

    Petitioner,                      No. CIV S-03-1878 FCD GGH P

    vs.

SCOTT KERNAN, et al.,

    Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002 conviction for battery (Cal. Penal Code § 242) and threatening to commit a crime that would result in death or great bodily injury on a former cohabitant (Cal. Penal Code § 422). Petitioner was also found to have sustained a prior conviction for threatening to commit a crime on a former cohabitant (Cal. Penal Code § 422), a serious and violent felony (Cal. Penal Code § 667, 1170.12), and having been previously convicted of spousal abuse which resulted in a prison term (Cal. Penal Code § § 275.5, 667.5). Petitioner is serving a 12 year sentence.

        This action is proceeding on the amended petition filed April 30, 2004, which raises one claim: jury instruction error. After carefully reviewing the record, the court

1

recommends that the petition be denied.

II. AEDPA

The AEDPA applies to this petition for habeas corpus which was filed after the AEDPA became effective. Neelley v. Nagle, 138 F.3d 917 (11th Cir.), citing Lindh v. Murphy, 117 S. Ct. 2059 (1997). The AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at

1522 (emphasis in original).  The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority.  Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision.  Early v. Packer, 537 U.S. 3, 123 S. Ct. 362 (2002).  Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority.  Id.  An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred.  Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003).  Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts.  Early v. Packer, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue.  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable."  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

III.  Facts

The issues in this case do not center upon the facts; the court repeats the factual background given by the state Court of Appeal.

> Defendant and the victim, Lori Perez, had a stormy 11-year relationship. Although they had a daughter together, Perez had to call the police over 10 times during the four years that they lived together (1993 to 1997) because of defendant's violence. Beginning in 1994, Perez obtained a number of restraining orders against defendant for various acts of violence, including a threat to kill her and repeated beatings.
>
> On June 8, 2001, Perez went to defendant's house to discuss their relationship. Defendant got angry, started yelling and throwing things, and then punched her in

the head and on the arms and legs. As she left, defendant followed her to her car and threw a bottle, breaking her car window. He reached into the car, grabbed her by her hair, took her car keys, and dragged her out of the car.

On June 12, 2001, defendant called Perez and said, "You better talk to me or I'm going to come over to your house and kill you and then I'm going to kill myself." Perez recanted these charges at trial.

Respondent's Answer, Exhibit D, p. 2.

IV.  Discussion

Petitioner alleges that the trial court erred by instructing the jury pursuant to CALJIC No. 2.50.02, which he alleges allowed the jury to find him guilty by proof less than beyond a reasonable doubt. The instruction states as follows:

> Evidence has been introduced for the purposes of showing that the defendant engaged in an offense involving domestic violence on one or more occasions other than that charged in the case.
>
> "Domestic violence" means abuse committed against an adult or a fully emancipated minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the defendant has had a child or is having or has had a dating or engagement relationship.
>
> "Abuse" means intentionally or recklessly causing or attempting to cause great bodily injury, or placing another person in reasonable apprehension or imminent serious bodily injury to himself or herself or another.
>
> If you find that the defendant committed a prior offense involving domestic violence, you may, but are not required to, infer that the defendant had a disposition to commit another offense involving domestic violence. If you find that the defendant had this disposition, you may, but are not required to, infer that he was likely to commit and did commit the crime or crimes of which he is accused.
>
> However, if you find by a preponderance of the evidence that the defendant committed a prior crime or crimes involving domestic violence, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged offenses. The weight and significance, if any, are for you to decide.
>
> Unless you are otherwise instructed, you must not consider this evidence for any other purpose.
>
> Within the meaning of the preceding instructions, the prosecution has the burden of proving by a preponderance of the evidence that a defendant committed crimes other than those for which he is on trial.
>
> You must not consider this evidence for any purpose unless you find by a

4

> preponderance of the evidence that the defendant committed the other crimes.
>
> "Preponderance of the evidence" means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to find that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it.

RT at 525-527.

The instruction was derived from the 1999 version of CALJIC 2.50.01 and 2.50.2. The improvement in the 1999 instruction added: "However, if you find by a preponderance of the evidence that the defendant committed [a prior crime or crimes involving domestic violence], that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." See Gibson v. Ortiz, 387 F.3d 812, 919 (9th Cir. 2004); See generally People v. Reliford, 29 Cal.4th 1007, 130 Cal.Rptr.2d 254 (2003); People v. Falsetta, 21 Cal.4th 903, 89 Cal.Rptr.2d 847 (1999).

Gibson v. Ortiz, supra, found a due process "lessening of the burden of proof" problem with the combination of CALJIC 2.50.01 and 2.50.1, both of which are contained in the quoted language above.[1] As Gibson found, relating to the jury that they could infer that plaintiff committed the crime by proof of prior offenses, and immediately relating to the jury that the requisite proof could be established by only a preponderance, instructed the jury that proof of the charged offense could be found by a preponderance. Id. 387 F. 3d at 822. The critically distinguishing feature, however, is the fact that the Gibson instruction did not contain the "improved" language of the 1999 CALJIC, i.e., the added proviso that finding propensity by a preponderance was insufficient in and of itself to satisfy the beyond a reasonable doubt standard. Gibson, 387 F.3d at 819. The clear implication from Gibson is that this change made all the

---

[1] Gibson itself was an AEDPA habeas case and found that clearly established Supreme Court law concerning lessening the burden of proof permitted it to grant the petition in its CALJIC 2.50.01 context. The undersigned is bound by that interpretation of the status of the law, and thus, does not discuss it at length. That is, if the prosecution burden of proof was lessened in Gibson, and we were dealing with the instruction at issue in Gibson, the undersigned could not find on his own that the Ninth Circuit wrongly interpreted Supreme Court precedent.

1  difference in the world.  And, it does make quite a difference because it solves for the most part
2  the pre-1999 CALJIC problem.  The critical point is that the jury was instructed post-1999 that it
3  had to find the charged offenses beyond a reasonable doubt.  Moreover, the California courts
4  have blessed the 1999 improvement from a constitutional perspective, and petitioner must show
5  that such blessing *still* unreasonably applies Supreme Court precedent – a not so easy task.

6        Petitioner's opening brief filed in the California Court of Appeal raises several
7  additional arguments challenging the instruction.  Although not directly raised in the petition, the
8  court will address the arguments raised in petitioner's state appellate brief.  Petitioner first
9  observes that the instruction told the jury that prior domestic violence cannot by itself meet the
10 prosecution's burden if the prior domestic violence is only proved by a preponderance of the
11 evidence.  Petitioner argues that this instruction implied that prior domestic violence can by itself
12 meet the state's burden and substitute for proof of the current offense if the prior domestic
13 violence is proved beyond a reasonable doubt.

14       While petitioner's speculation is theoretically possible, the undersigned finds it
15 too remove and speculative a problem (as did the California Supreme Court majority in <u>Reliford</u>,
16 <u>supra</u>) to warrant an invalidation of the jury instruction.  For a federal court to find that the state
17 supreme court erred in its understanding of state jury instructions takes a situation of patent
18 unreasonableness.  That threshold is not approached here.

19       Petitioner also argues that the instruction placed no limits on which crimes the
20 jury could use the inference to reach, even though the statute only allows for this type of evidence
21 to be used to prove certain crimes and even though there may be often no logical relationship
22 between the uncharged misconduct and many of the charged offenses.  As found by the
23 California Court of Appeal, this argument fails because petitioner was charged with offenses
24 involving domestic violence.  Therefore, the past acts of domestic violence were not used to
25 suggest a disposition to commit just any crime.
26 /////

Finally, petitioner argues that the use of the term "likely" further diluted the degree of proof required. The California Court of Appeal rejected this argument:

> In this argument, defendant refers to that part of the jury instruction that provided that if the jury found "that the defendant had this disposition, [it] may, but [is] not required to, infer that he was *likely* to commit and did commit the crime or crimes of which he is accused." (Italics added.)
>
> We reject defendant's arguments that CALJIC No. 2.50.02 impermissibly lessened the prosecution's burden of proof, as have other courts. (People v. Brown (2000) 77 Cal.App.4th 1324, 1334.) Although CALJIC No. 2.50.02 permitted the jury to draw an inference of guilt from prior instances of domestic violence, the instruction advised that such evidence was insufficient, by itself, to prove the charged offenses and specifically referred to the prosecution's burden to prove the charged offense beyond a reasonable doubt. Other instructions advised the jury that each element of each charged offense had to be proven. In light of such instructions, it is difficult to comprehend how a jury would find that evidence of prior domestic violence could simply substitute for a finding, beyond a reasonable doubt, of the particular elements of making a criminal threat or of battery on a particular occasion. And while defendant argues that a disposition to commit another offense involving domestic violence does not mean that he was likely to do so on a specific occasion, the challenged instruction merely stated that if the jury found such a disposition, it could, but was "not required" to, infer that defendant was likely to commit the charged crime–although it would not be sufficient, in and of itself, to prove the charged crime. Again, a reasonable juror would not construe the instruction to mean that a finding of prior domestic violence necessitated the juror to find it likely the defendant committed the charged crime, particularly when the instruction indicated that "[t]he weight and significance, if any, [of the evidence were] for [the jury] to decide." (See People v. Clair, supra, 2 Cal.4th at p. 663.)

Respondent's Answer, Exhibit D, pp. 7-8.

The court agrees with the reasoning of the California Court of Appeal with respect to petitioner's claim challenging use of the term "likely" in the instruction.

For the reasons discussed above, the court finds that the denial of petitioner's claims challenging the at-issue jury instruction by the California Supreme Court was not an unreasonable application of clearly established Supreme Court authority. Accordingly, the petition should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

/////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: 4/22/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
mark1878.157